JOHN McKEOWN, EX'R v. ANDREW HARVEY.

*Estates of decedents—Proof of claims—Secondary evidence—Leading questions—Referee's findings.*

The estate of a deceased person is bound by his contracts if they are carried out.

Whether an estate is bound by an implied contract raised on a *quantum meruit—Q.*

The testimony of an outsider is admissible to establish dealings with a decedent which the other party could not prove because they were equally within decedent's knowledge.

A claim before commissioners on an estate was based upon contractor's proposals, the original of which were not produced. Testimony was given that they had been left in the custody of an architect and he failed to find them. *Held* sufficient proof of loss to warrant secondary evidence of the proposals by copy.

A question to be answered by yes or no, asking whether certain work conformed to the contract specifications, is not necessarily objectionable as leading, especially if it could not well have been asked in any other way that would not have been open to the same criticism.

A leading question points out the desired answer and does not merely call for an affirmative or negative.

In suing a decedent's estate for work done under contract with the decedent, it is admissible as *res gestæ* to show that the executor oversaw the work.

The Supreme Court will accept the conclusions of a referee who acts without a jury and presents a case that could only be decided in one way unless he discredited the witnesses.

A judgment will not be reversed for the admission of testimony that could not have changed the result.

Error to Wayne. Submitted Jan. 14. Decided Jan. 21.

APPEAL from commissioners upon an estate. The executor brings error. The facts are in the opinion.

*Alex. D. Fowler* for plaintiff in error.

*John W. McGrath* for defendant in error.

CAMPBELL, C. J.    Harvey proved a claim against the estate of John T. McKeown for heating apparatus contracted for during his life, but mostly set up after his death.    The case was appealed to the circuit court for Wayne county, where it was referred, and the claim allowed.

There was no written contract, but a paper was proven which was shown to be a copy of specifications accepted by the deceased.    The questions raised are chiefly questions of evidence.    A preliminary question, however, is raised concerning the power of commissioners to pass on such a claim because the work was done after the testator's death.

The claim for extra work ordered by the executor was rejected.    As to the rest, there can be no doubt that the estate of a deceased person is bound by his contracts in all respects, if they are carried out.    If this work had not been done according to contract it would have raised a very different question whether an implied contract could be raised on a *quantum meruit*, which could bind the estate.    As the testimony is clear and unequivocal that there was an absolute performance, no such difficulty arises.

When plaintiff below was called to the stand he was questioned concerning a proposition made to one R. T. Brookes, architect, to do work on a house belonging to McKeown, and this was objected to as equally within the decedent's knowledge.    This objection was somewhat premature, as nothing in plaintiff's testimony showed that McKeown had any knowledge on the subject, and it was certainly possible for him to have entrusted his architect with plenary authority.    Harvey was not permitted to testify to any dealings with deceased.

Brookes, the architect, who was under no disability, made out the case which connected McKeown with the acceptance of the proposals.

Secondary evidence was given by copy of the proposals, the proof being that the original could not be found.

It seems to us the evidence of loss was sufficient to raise a reasonable probability that it could not be found. As this question came up on a case which had already been tried before the commissioners, and the original was not produced there, and is sworn to have been left in the custody of Brookes, his failure to find it would not require a search elsewhere.

We do not think it can be regarded as an error to allow a witness to answer a question concerning the conformity of work to specifications, which called for an affirmative or negative answer. It could not very easily have been put in any other way which would not have been open to the same criticism. It was not strictly a leading question, because that points to the particular answer desired, and not to an affirmative or negative. Some discretion must be used on this subject, and over-nicety is not conducive to convenience or justice.

In the absence of the will we do not know what authority it gave the executor to contract or otherwise bind the estate. Assuming, therefore, that he had no such power, we cannot reverse this judgment for the admission of proof of his approval of the work, when under the undisputed testimony the work was properly done, and the referee would have violated his duty if he had disregarded that testimony. If it were possible without this proof concerning the executor to find against the claim, then there might be error; but here there was no jury, and the referee acting in the double capacity of judge of law and facts, and showing a case that could only be decided in one way unless he discredited the witnesses, we must accept his conclusions and assume he reached them properly. It was not improper to show the oversight by the executor as a part of the *res gestæ*. The other testimony if not strictly proper was not material, and could not, we think, have varied the result.

The judgment must be affirmed, with costs.

The other Justices concurred.